**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVE TARBUCK,

        Plaintiff-Appellant,

  v.

STATE OF NEVADA, ex rel, its Nevada
Youth Training Center; JOSEPH PAYNE;
JUSTIN HARDY; LANA NELSON;
MARVIN PIERCE; ERICA OLSON,

        Defendants-Appellees.

No. 14-15503

D.C. No.
3:12-cv-00454-RCJ-WGC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before: W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,** District
Judge.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Plaintiff-Appellant Steve Tarbuck appeals the district court's orders dismissing his 42 U.S.C. § 1983 free speech claim for failure to state a claim and granting summary judgment in favor of Defendant Nevada Youth Training Center ("NYTC") on his Title VII retaliation claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Lacey v. Maricopa Cty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and the district court's decision to grant summary judgment, *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011).

First, Tarbuck failed to preserve his § 1983 free speech claim for appeal, because he did not reallege the claim in his second amended complaint after it was dismissed with leave to amend. *Lacey*, 693 F.3d at 928 ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled."); *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 626 (9th Cir. 2016) (explaining that "claims dismissed without prejudice and not repleaded" are considered voluntarily dismissed). Tarbuck's reliance on *Ho* is misplaced, because *Ho* involved a pro se plaintiff who was specifically instructed, as the district court dismissed her amended complaint, not to "continue to maintain" her claim unless she could make particular allegations in good faith. *Ho*, 840 F.3d at 626. By contrast, Tarbuck

2

was represented by counsel, and the district court dismissed his first amended complaint with leave to amend without articulating particular conditions on his ability to reallege the claim.

Second, the district court did not err in granting summary judgment to NYTC on Tarbuck's Title VII retaliation claim. "To establish a *prima facie* retaliation claim under the opposition clause of 42 U.S.C. § 2000e-3(a), Title VII, [a plaintiff] must show 1) [his] involvement in a protected activity, 2) an adverse employment action taken against [him], and 3) a causal link between the two." *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2002). After a *prima facie* retaliation claim has been established, "the burden of production shifts to the defendant, who must offer evidence that the adverse action was taken for other than impermissibly discriminatory reasons." *Id.* (internal quotation marks omitted). Finally, the plaintiff must rebut this evidence with "specific, substantial evidence of pretext" that goes beyond merely refuting "the employer's legitimate reason." *Id.* (internal quotation marks omitted).

Even assuming Tarbuck successfully made out a *prima facie* retaliation claim under Title VII, he failed to present "specific, substantial evidence of pretext" to rebut NYTC's legitimate reasons for his termination. Tarbuck's work evaluations reflect significant concerns about his performance, and a timeline in

3

the record lists particular incidents that led to NYTC's decision to terminate Tarbuck's employment. Tarbuck contends that his "satisfactory" evaluations are evidence of pretext, but these evaluations contain substantial negative feedback and are insufficient to rebut NYTC's legitimate reasons for termination. Notably, Tarbuck's three-month and seven-month probationary evaluations both indicated that he did not meet the standards for "supervision of youth," the primary job of an NYTC group supervisor. That first probationary evaluation occurred over three months before Tarbuck's complaints to the NYTC superintendent and later filing of a formal complaint with the Nevada employee agency.

**AFFIRMED.**